

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-28-2005

# Charles v. BICE

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1342

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Charles v. BICE" (2005). *2005 Decisions.* Paper 201.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/201

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-1342

LEGUERRE CHARLES,

Appellant

v.

BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT,
Interim Field Office, Director for Detention
and Removal for the Philadelphia District

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No.03-cv-01837)
District Judge: Honorable James F. McClure, Jr.,

Argued November 18, 2004

BEFORE: ROTH, SMITH and BECKER, <u>Circuit Judges</u>

(Filed: November 28, 2005)

Ian Bratlie, Esquire (Argued)
Pennsylvania Immigration Resource Center
50 Mount Zion Road
York, PA 17402
   <u>Counsel for Appellant</u>

Daryl F. Bloom, Esquire (Argued)
228 Walnut Street, P.O. Box 11754
220 Federal Building Courthouse
Harrisburg, PA 17108
   <u>Counsel for Appellee</u>

ROTH, Circuit Judge:

Leguerre Charles is appealing an order of the United States District Court for the Middle District of Pennsylvania, denying his petition for writ of habeas corpus brought under 28 U.S.C. § 2241. In his petition, Charles challenges the decisions of the Immigration Judge and the Board of Immigration Appeals, denying his application for protection under Article III of the Convention Against Torture (CAT). We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253.

Charles is a native and citizen of Haiti. He was paroled into the United States to apply for asylum on June 29, 1992. His application was denied but he married an American citizen and his status was adjusted to lawful permanent resident on September 12, 2000. On December 9, 2002, however, Charles was convicted in Pennsylvania state court of delivery of cocaine. The Immigration and Naturalization Service then commenced removal proceedings against Charles, as an alien convicted of an aggravated felony. Charles responded by applying for protection under Article III of CAT. When the Immigration Judge and the Board of Immigration Appeals denied him relief under CAT, Charles brought his unsuccessful habeas petition in the District Court.

On appeal, Charles asserts that he will be detained in a Haitian prison on his return

because of his conviction here and that detention in a Haitian prison, because of the appalling conditions and treatment of prisoners there, constitutes torture., He also contends that the District Court used the wrong standard of review when it determined that "some evidence" supports the decision of the Immigration Judge to deny Charles's application for deferral of removal under CAT.

In light of our decision in *Auguste v. Ridge*, 394 F.3D 123 (3d Cir. 2005), we will affirm the judgment of the District Court. In *Auguste*, we faced a similar factual situation. Auguste, a Haitian national who was removable based on his conviction of a narcotics offense, filed a habeas petition for relief under CAT. We held that, although prison conditions in Haiti are brutal and deplorable, an act – in order to constitute torture – must be inflicted with the specific intent to cause severe physical or mental pain and suffering. The petitioner must demonstrate that he is being placed in such conditions by government officials with the specific intent to inflict severe pain and suffering on him. 395 F.3d at 154. Auguste did not satisfy that standard, nor does Charles. We will therefore affirm the judgment of the District Court.

Because of the similarity of the *Auguste* case to the one before us, we do not need to get into the issue of the proper standard of review of the Immigration Judge's decision. Moreover, in view of the fact that the REAL ID Act, Pub.L. 109-13, Div. B, 119 Stat. 302, has removed habeas jurisdiction in immigration cases from the district courts, there is no longer need to resolve this issue of standard of review.